IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-191-RAW |
| ) | |
| TRISTAN HUNTER FINCH, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the motion of the defendant to dismiss. The indictment (#2), as it stood at the time the motion was filed, charged the defendant with two counts of assault with a dangerous weapon with intent to do bodily harm in Indian Country. The alleged victim in Count One was referred to as "Victim 1"; the alleged victim in Count Two was referred to as "Victim 2."

Under Rule 7(c)(1) F.R.Cr.P., an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir.2007). The indictment need only quote the language of a statute and include the date, place, and nature of illegal activity. *United States v. Doe,* 572 F.3d 1162, 1173 (10th Cir.2009).

Notwithstanding the "minimal constitutional standards" required to render an indictment sufficient, a defendant may file a pretrial motion alleging a defect in the indictment, including lack of specificity and failure to state an offense. *See United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir.1997); Rule 12(b)(3)(B)(iii), (v) F.R.Crim.P. The court should employ practical rather than technical considerations. *Id.* The court should determine whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *United States v. Pope,* 613 F.3d 1255, 1260 (10th Cir.2010).

The motion contends the indictment is defective because the names of the victims are not provided. Much of defendant's argument is that confusion is thereby created regarding multiple counts because defendant is at a loss as to which alleged victim is the focus of which count. While the motion was pending, however, the court (upon the government's notice) has dismissed Count Two (#40), leaving only Count One.

Moreover, the government indicates that it has provided defense counsel with the names of the alleged victims in discovery, which would appear borne out by defendant's mention of the names in his motion to preclude use of the word "victim" at trial. (#27 at 1). Providing the names of the alleged victims in discovery has been deemed sufficient to avoid dismissal. *See United States v. Stringer,* 730 F.3d 120, 124 (2d Cir.2013); *United States v. Miller,* 883 F.3d 998, 1003 (7th Cir.2018).

It is the order of the court that the motion of the defendant to dismiss indictment (#28) is hereby denied.

**ORDERED THIS 12th DAY OF FEBRUARY, 2024.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**